Nott, J.
delivered the opinion of the Court.
The only question raised by the pleadings, which requires our attention, is whether the record of an action of assumpsit will support a scire, facias on a bail bond, purporting on its face to have been given in an action of debt. The stale maxim that the allegata and probata must correspond, is as good law, and as good sense now, as it was in the time of Lord Coke ; and as long as the actions of debt and assumpsit continue to be distinct actions, the record of one cannot be evidence of the existence of the other. I cannot, therefore, avoid the conclusion, that the judgment ought to have been for the defendant, although there are some cases which seem to favor a contrary opinion.
In 2 Saund. 60, (note,) it is said, “ it is not required by the statute to insert the nature of the action in the condition of the bond; if it set forth the parties, and the time and place of appearance substantially, it is sufficient: therefore, a mere informality, or variance between the condition and process in the description of the action, or of the time and place of appearance, does not vitiate the bond.” But the cases relied on do not appear to me to support this position to the extent in which it is laid down. The case put by way of illustration, is where the condition was to answer the plaintiff in a plea of debt generally, but the writ was to answer the plaintiff in a plea of debt for £320. Here the variance was held not to be material: but the cause of action was the same, and the variance was merely the addition of the sum for which the action was brought. So where the latitat was to answer the plaintiff in a plea of trespass, and the condition was to answer the plaintiff generally, without mentioning any plea, it was held to be no objection. But if it had mentioned a different action, the decision might *240 have been otherwise. Mr. Williams, the. learned editor of ®aun^ors> bi the note referred to, has collected a number of cases: but in most of them it will be found, that the cause of action is the same, and the variance is some addition, which is mere surplusage.
There is one very strong case, where it is said that the process was in an action of trover, and the condition was to appear, to answer to a plea of trespass on ike case upon promises. And the Court said, “ the respondendum, was only surplusage, and should be rejected.” Davenport v. Parker, Fort. 368. But it is a solitary case, taken from a very old book, and which cannot now be of very high authority on such a question. The case of Owen v. Nail, 6 T. R. 702, seems to lean the same way; but the judges there, most clearly decided against the conviction of their own minds : and Lord Kenyon says, he is glad to find one casé, which will support his opinion. But that one case, according to my understanding of it, does not support it. The case relied on is Gardiner v. Dudgate, 2 Shower, 51, where the condition was to appear in a plea of trespass, of £100, and the writ was in a plea of trespass, and also a bill of debt of i£100. The process and the condition were both a plea of trespass of £100, and the only variance was in the additional words “ and also a plea of debtwhich was held to be no variance, but merely surplusage. Lord Kenyon says, the bail bond need not disclose the nature of the action. r And that may be so; yet if it does disclose it, it must be done correctly, and the party cannot aver against it. It is obvious that the Court of King’s Bench, in the case of Owen v. Nail, were seeking for an apology to get over a technical difficulty in favour of what they thought to be the justice of the case, and, therefore, were glad, as Lord Kenyon said, to find a solitary case to bear them out.
But I must be permitted to entertain a different opinion ; and I cannot consent to be governed by a single decision, even of the Court of King’s Bench, which seems to me contrary to legal principles, merely because a solitary, and I may almost add an antiquated, case has been found to sustain it; one certainly of doubtful authority, and which, according to my understanding of it, does not support the position. All the modern authorities, except the case of Owen v. Nail, hold a different language. Highmore, in his treatise on bail, referring to the old cases, *241 states ; that “ if the bond did not mention the county, and said , „ . , . . ,, to appear generally, without saying to what action, it was held . good ; but,” he adds, “ perhaps, at that period, sheriffs did not find such good cause to be always provided with printed forms.” Highmore on Bail, 30. He adds in another paragraph: “ But now, as the bail bonds are printed, and the sheriff has only to fill up the blanks, and never deviates from the words of the writ, and those only specify the action thus, ‘ to appear before,’ &c. —‘ to answer A. B. of a plea of debt,’ it is needless to add authorities which seem to have occured before, or to have given rise to the present concise mode.” Ib. 31. So that those cases are not now applicable to the question ; and the late practice, which has settled the form of the bond, seems to require that it should follow the writ.
In the case of De La Cour v. Read, 2 H. Bl. 278, the defendant had been held to bail on an affidavit that he was indebted to the plaintiff as acceptor of three bills of exchange; and the plaintiff declared against him in covenant. The variance was held fatal and he was discharged, in the case of Spalding v. Mure, 6 T. R. 363, the defendant having been held to bail on an affidavit of a debt due from three defendants, as surviving partners of another, deceased, was discharged on common bail, the declaration being for a debt due from the three defendants alone. In Douglas v. Irlam, 8 T. R. 416, the plaintiffs sued as exeeutors, but declared in their own right; and the bail were discharged for. that variance. The case of Kerr v. Sheriff, 2 Bos. & Pul. 358, appears to be directly in point. The writ was to answer in a certain plea of trespass on the case upon promises. The declaration was in debt for goods sold and delivered, and money borrowed. The Cjmrt observed that the condition of the bail bond expressed the cause of action, and in so doing followed the words of the ac etiam clause literally ; and, therefore, that if the plaintiff’s declaration varied from his writ, the defendant could never be said to be condemned in the action mentioned in the condition, so as to charge the bail. I think, therefore, that upon authority as well as principle, the decision ought to be reversed.
In the case of Owen v. Nail, Lord Kenyon said, “if the defendant were put uudet; any disadvantage by that bail bond, *242 he would have listened more favourably to the objection; but that ingenuity could not suggest that it would be attended with any inconvenience to him.” It is with great deference that I differ from such high authority, but I do differ most essentially. t , r . . . . I can, without any great ingenuity, suggest a very serious inconvenience which the bail may suffer. Suppose that there actually was an action of debt at the same time between these parties, which had been settled; he might be made liable a s< eond time, and in a case to which lie never was a party. It is said that there was no suggestion that there was any such action. And that is true, because tiiis question arises on a demurrer in which we must look to the record alone, without going abroad for facts. It is sufficient for my purpose that such a case may exist. I am of opinion, therefore, that the variance was fatal, and the decision must be reversed.
Judgment reversed.